*668
 
 |,ATTORNEY DISCIPLINARY PROCEEDINGS
 

 PER CURIAM.
 
 *
 

 This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Arcenious Francis Armond, Jr., an attorney licensed to practice law in Louisiana.
 

 PRIOR DISCIPLINARY HISTORY
 

 Before we address the current charges, we find it helpful to review respondent’s prior disciplinary history. Respondent was admitted to the practice of law in Louisiana in 1991. In 2003, the ODC filed six counts of formal charges against respondent, alleging that he neglected legal matters, failed to communicate with his clients, failed to refund unearned fees, failed to supervise his nonlawyer assistant, and failed to properly withdraw from a case. In June 2005, the parties filed with this court a petition for consent discipline, proposing that respondent be suspended from the practice of law for one year and one day, fully deferred, subject to respondent’s successful completion of a two-year period of supervised probation with conditions. In November 2005, we accepted the petition for consent discipline and imposed the proposed discipline.
 
 In re: Armond,
 
 05-1701 (La.11/29/05), 915 So.2d 353
 
 (“Armond I
 
 ”).
 

 [¡.Against this backdrop, we now turn to a consideration of the misconduct at issue in the present proceeding.
 

 UNDERLYING FACTS AND PROCEDURAL HISTORY
 

 Formal charges were filed by the ODC in February 2009, and were supplemented and amended in July 2009. As amended, the formal charges include seven counts of alleged misconduct. Respondent answered the original formal charges and the supplemental and amending formal charges, in both instances admitting some alleged misconduct and denying other alleged misconduct.
 

 Prior to the formal hearing in this matter, the ODC agreed to dismiss one count of the formal charges, leaving six remaining counts. At the hearing, respondent and the ODC submitted joint stipulations of fact and law, in which the parties stipulated to most of the underlying facts and some rule violations,
 
 [1]
 
 as follows:
 

 
 *669
 

 The McGinnis Matter
 

 The following facts are not in dispute, having been stipulated to by the parties:
 

 In 1998, John McGinnis was convicted of armed robbery and sentenced to serve forty-five years at hard labor. In 2001, Mr. McGinnis retained respondent to review his file in exchange for a fee. In February 2002, Mr. McGinnis retained respondent to file an application for post-conviction relief. In December 2004, after the expiration of the statutory deadline, respondent filed an application for post-conviction relief on behalf of Mr. McGinnis. The trial court rejected the application as untimely. Respondent applied for writs to the court of appeal, which affirmed the trial court’s ruling.
 

 |sThe parties stipulated respondent violated Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client) and 1.4 (failure to communicate with a client) of the Rules of Professional Conduct.
 

 The Washington Matter
 

 The following facts are not in dispute, having been stipulated to by the parties:
 

 In September 2006, Toren Washington filed a disciplinary complaint against respondent. On September 27, 2006, respondent was served with the complaint. Although respondent prepared a response to the complaint dated November 14, 2006, and believed it had been transmitted, the ODC did not receive the response.
 

 The ODC alleged respondent violated Rule 8.1(c) (failure to cooperate with the ODC in its investigation) of the Rules of Professional Conduct.
 

 The Medious Matter
 

 The following facts are not in dispute, having been stipulated to by the parties:
 

 In 1999, Roscoe Medious paid respondent a $500 fee to review his file. Respondent completed the review, fully earning the fee. Thereafter, Mr. Medious paid respondent an additional $2,000 to file an application for post-conviction relief under the “newly-discovered evidence” exception. For the next several years, respondent attempted to obtain the evidence at issue and filed a petition for mandamus against the district attorney’s office for that purpose. When the evidence could not be located, respondent ended the representation in 2006. Respondent earned some portion of the $2,000 fee based on work he performed for Mr. Medious, but he failed to file an application for post-conviction relief. By letter dated July 6, 2006, respondent invited Mr. Medious to contact the Louisiana State Bar Association |4to begin a fee arbitration process. Mr. Medious did not respond to respondent’s letter, nor did he initiate arbitration. At that time, respondent did not immediately refund the unearned portion of the fee or promptly escrow the disputed portion pending the resolution of the fee dispute as he was obligated to do by the Rules of Professional Conduct. In May 2009, after the filing of the original formal charges, respondent refunded the $2,000 fee to Mr. Medious.
 

 The ODC alleged respondent violated Rule 1.5(f)(5) (failure to refund an unearned fee) of the Rules of Professional Conduct.
 

 The Jones Matter
 

 The following facts are not in dispute, having been stipulated to by the parties:
 

 In June 1999, Mark Jones paid respondent a $500 fee to review his file. Respondent completed the review, fully earning the fee. Mr. Jones paid respondent an additional $1,500 to file an application for
 
 *670
 
 post-conviction relief. Respondent did not file the application. In May 2006, Mr. Jones filed a disciplinary complaint against respondent. By letter dated December 2, 2006, respondent responded to the complaint, indicating that he did not have Mr. Jones’ file because it was in the possession of a former associate who was then handling the matter. Respondent advised that he would contact the associate immediately and file a more substantive response. Despite repeated attempts, however, respondent was unable to obtain any further information from the associate regarding the status of Mr. Jones’ case. Respondent did not respond further to the disciplinary complaint filed by Mr. Jones.
 

 Respondent earned some portion of the fee based on work he performed for Mr. Jones. However, he did not complete the agreed-upon representation and did not immediately refund the unearned portion of the fee or promptly escrow the disputed portion pending the resolution of the fee dispute as he was obligated to do by the |fiRules of Professional Conduct. In May 2009, after the filing of the original formal charges, respondent refunded the $1,500 fee to Mr. Jones.
 

 The parties stipulated respondent violated Rule 1.3 of the Rules of Professional Conduct. The ODC further alleged respondent violated Rules 1.5(f)(5) and 8.1(c).
 

 The Avgust Matter
 

 The following facts are not in dispute, having been stipulated to by the parties:
 

 Daniel August filed a disciplinary complaint against respondent. In November 2006, respondent was notified of the .filing of the complaint. Although respondent recalls responding to the complaint, he has been unable to locate any response. Moreover, no response was received by the ODC.
 

 The ODC alleged respondent violated Rule 8.1(c) of the Rules of Professional Conduct.
 

 The Henry Matter
 

 The parties did not enter into any stipulations regarding this count and there is a disagreement as to what exactly respondent was retained to do. The ODC alleges that Aaron Henry hired respondent to file a motion to enforce plea agreement, but then failed to complete the representation and failed to return the $1,500 fee Mr. Henry paid. However, respondent contends that he was retained to draft correspondence and furnish records to the Department of Corrections relative to Mr. Henry’s sentence in his criminal case. Considering the work that he performed, respondent contends that he fully earned the $1,500 fee paid by Mr. Henry.
 

 Mr. Henry subsequently filed a disciplinary complaint with the ODC. Although respondent believed he had forwarded his response to the complaint to the ODC, the ODC did not receive the response.
 

 |fiThe ODC alleged respondent violated Rules 1.3, 1.5(f)(5), and 8.1(c) of the Rules of Professional Conduct.
 

 Hearing Committee Report
 

 This matter proceeded to a hearing. As previously discussed, the parties submitted joint stipulations of fact and law to the hearing committee. The committee accepted the stipulations of fact and found the following violations by respondent of the Rules of Professional Conduct: Rules 1.3 and 1.4 in the McGinnis matter; Rule 8.1(c) in the Washington matter; Rule 1.5(f)(5) in the Medious matter; Rules 1.3 and 1.5(f)(5) in the Jones matter; and Rule 8.1(c) in the August matter. As to the Henry matter, the committee found no evidence of misconduct by respondent. The committee determined that respondent was retained to advise Mr. Henry
 
 *671
 
 with regard to his administrative remedies within the Department of Corrections. The committee found no evidence to support the ODC’s contention that respondent was hired to file a motion to enforce Mr. Henry’s plea. The committee also found no evidence that the $1,500 charged by respondent in the Henry matter was either unreasonable or unearned,
 
 [2]
 
 or that respondent failed to cooperate with the ODC in its investigation of the complaint filed by Mr. Henry.
 

 The committee adopted the following aggravating factors stipulated to by the parties: a pattern of misconduct, multiple offenses, substantial experience in the practice of law (admitted 1991), and vulnerability of the victims. The committee likewise adopted the mitigating factors stipulated to by the parties: absence of a dishonest or selfish motive, personal or emotional problems, restitution, good 17character and reputation, cooperative attitude toward the disciplinary proceedings, and remorse.
 

 With regard to the sanction, both parties maintained that the misconduct in the present matter occurred during the same time period as respondent’s misconduct subject of
 
 Armond I.
 
 Accordingly, the parties contended that the approach 'of
 
 Louisiana State Bar Ass’n v. Chatelain,
 
 573 So.2d 470 (La.1991), is applicable.
 
 [3]
 
 After considering
 
 Chatelain
 
 and other case law, the parties agreed that a one-year suspension is appropriate. The committee accepted this proposal and agreed to recommend a one-year suspension. The committee reasoned that respondent’s violations were the result of mere negligence, owing to his excessive case load, poor management skills, and various personal issues he wrestled with at the time. The committee also noted that respondent appeared to exhibit genuine remorse during the proceedings, as well as respect for the legal system and the profession.
 

 Based on this reasoning, the committee recommended that respondent be suspended from the practice of law for one year.
 

 Neither respondent nor the ODC filed an objection to the hearing committee’s report and recommendation.
 

 Disciplinary Board Recommendation
 

 After review, the disciplinary board determined the hearing committee’s factual findings are not manifestly erroneous. The board also determined the committee correctly applied the Rules of Professional Conduct, except that in addition to the | ^misconduct found by the committee, respondent failed to cooperate with the ODC in its investigation of the Jones and Henry matters, in violation of Rule 8.1(c).
 

 The board determined respondent negligently violated duties owed to his clients by failing to diligently pursue matters and failing to return unearned fees in a timely manner. Respondent also negligently violated a duty owed to the profession by failing to ensure that he complied with the ODC’s requests. Respondent caused actual harm to his clients by delaying their legal matters and failing to refund unearned fees in a timely manner. However, the board also determined any harm caused by respondent’s failure to cooperate with ODC appears to be
 
 de minimis
 
 since respondent eventually fully cooperated with the ODC and stipulated to a ma
 
 *672
 
 jority of the factual allegations in the formal charges. After reviewing the ABA’s
 
 Standards for Imposing Lawyer Sanctions,
 
 the board determined the baseline sanction is suspension. The board found the aggravating and mitigating factors, as stipulated by the parties, are supported by the record.
 

 Turning to the issue of an appropriate sanction, the board agreed that the
 
 Chate-lain
 
 approach is applicable to the facts of this matter. The board determined that the substantive misconduct occurred during the same time period as the misconduct in
 
 Armond I;
 
 accordingly, for the purposes of determining a sanction, the substantive misconduct should be considered in conjunction with the misconduct that was the subject of
 
 Armond I.
 

 Based upon these findings, the board determined that if the substantive misconduct in this matter was considered together with the misconduct in
 
 Armond I,
 
 the court would have imposed a period of actual suspension, rather than a fully-deferred suspension. The case law indicates the suspension would range from sixty days to six months. Together with the multiple instances of failure to cooperate seen |9in this case, the board agreed that the one-year suspension stipulated to by the parties appears to be justified.
 

 Accordingly, the board recommended respondent be suspended from the practice of law for one year.
 

 One board member dissented and would recommend a one year and one day suspension from the practice of law.
 

 Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
 

 DISCUSSION
 

 Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence.
 
 In re: Banks,
 
 09-1212 (La.10/2/09), 18 So.3d 57. While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings.
 
 See In re: Caulfield,
 
 96-1401 (La.11/25/96), 683 So.2d 714;
 
 In re: Pardue,
 
 93-2865 (La.3/11/94), 633 So.2d 150.
 

 In this matter, the record supports the stipulation of facts and the factual findings made by the hearing committee. Based on those facts, respondent neglected two legal matters, failed to communicate with a client, failed to return an unearned fee, and failed to cooperate with the ODC in its investigations. The record supports the rule violations found by the disciplinary board.
 

 Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining |ina sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct.
 
 Louisiana State Bar Ass’n v. Reis,
 
 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances.
 
 Louisiana State Bar Ass’n v. Whittington,
 
 459 So.2d 520 (La.1984).
 

 Respondent violated duties owed to his clients, the legal system, and the legal profession. Respondent acted negligently by failing to promptly perform duties nec
 
 *673
 
 essary to protect his clients’ interests. Under the ABA’s
 
 Standards for Imposing Lawyer Sanctions,
 
 the baseline sanction for respondent’s misconduct is suspension. We agree with the committee’s and the board’s assessment of the mitigating and aggravating factors.
 

 Turning to the issue of an appropriate sanction, we note the board’s recommendation of a one-year suspension is largely based on its determination that the substantive misconduct in this case occurred simultaneously with the misconduct at issue in
 
 Armond I.
 
 We agree with the board’s analysis, and therefore we will adopt its recommendation and suspend respondent from the practice of law for one year.
 

 DECREE
 

 Upon review of the findings and recommendations of the hearing committees and disciplinary board, and considering the record, it is ordered that Arcenious Francis Armond, Jr., Louisiana Bar Roll number 20678, be and he hereby is suspended from the practice of law for one year. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, | n with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
 

 *
 

 Chief Justice Kimball not participating in the opinion.
 

 [1]
 

 . The parties also stipulated to the existence of several aggravating and mitigating factors,
 
 *669
 
 and jointly proposed a sanction of a one-year suspension from the practice of law.
 

 [2]
 

 . The committee noted that respondent nevertheless fully refunded Mr. Henry's fee in May 2009.
 

 [3]
 

 . In
 
 Chatelain,
 
 this court observed that when a second attorney disciplinary proceeding involves conduct which occurred during the same time period as the first proceeding, the overall discipline to be imposed should be determined as if both proceedings were before the court simultaneously.