*457 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
11 Pursuant to Supreme Court Rule XIX, § 21, the Office of Disciplinary Counsel (“ODC”) has filed a petition seeking the imposition of reciprocal discipline against respondent, Jose W. Vega,[1] an attorney licensed to practice law in the States of Louisiana, Texas, and New York, based upon discipline imposed in two separate proceedings in Texas.
UNDERLYING FACTS AND PROCEDURAL HISTORY
In March 2007, Eyennidth Castillo-Ramirez retained respondent to file an application for writ of habeas corpus. During the next two years, the client made inquiries about the status of the application, but respondent failed to respond to these inquiries and did not file the writ of habeas corpus. In December 2009, respondent’s client terminated the representation and requested that respondent cease work in the matter. Respondent failed to withdraw, however, and filed the application tor writ of habeas corpus with the Texas ^ourt of Criminal Appeals in February 2010. On May 5, 2011, respondent com sented to be publicly reprimanded for his misconduct in the Castillo-Ramirez matter' He also a£reed to Pa^ $3’000 ⅛ ^restitution to his client, plus $500 in attorney’s fees and costs to the State Bar of Texas.
Additional disciplinary proceedings were instituted against respondent arising out of his representation of Araceli Rodriguez. In that matter, respondent was retained in August 2009 to handle an immigration matter. The client paid respondent $3,250 in attorney’s fees and $2,010 for filing fees. Thereafter, respondent failed to maintain communication with his client and failed to respond to requests for information concerning the status of the immigration proceeding. The client subsequently made several requests to respondent for the return of the file and the refund of any unearned fees; however, respondent failed to comply with these requests.[2] On October 31, 2012, respondent consented to be publicly reprimanded for his misconduct in the Rodriguez matter. He also agreed to pay $2,500 in restitution to his client, plus $500.34 in attorney’s fees and costs to the State Bar of Texas.
After receiving notice of the Texas orders of discipline,[3] the ODC filed a motion *458 to initiate reciprocal discipline proceedings in Louisiana, pursuant to Supreme Court Rule XIX, § 21. Certified copies of the decisions and orders of the Texas court were attached to the motion. On June 25, 2013, this court rendered an order giving respondent thirty days to demonstrate why the imposition of identical discipline in this state would be unwarranted. Respondent failed to file any response in this court.
jaPiscussiON
The standard for imposition of discipline on a reciprocal basis is set forth in Supreme Court Rule XIX, § 21(D). That rule provides:
Discipline to be Imposed. Upon the expiration of thirty days from service of the notice pursuant to the provisions of paragraph B, this court shall impose the identical discipline ... unless disciplinary counsel or, the lawyer demonstrates, or this court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:
(1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
(2) Based on the record created by the jurisdiction that imposed the discipline, there was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duty, accept as final the conclusion on that subject; or
(3) The imposition of the same discipline by the court would result in grave injustice or be offensive to the public policy of the jurisdiction; or
(4) The misconduct established warrants substantially different discipline in this state; ...
If this court determines that any of those elements exists, this court shall enter such other order as it deems appropriate. The burden is on the party seeking different discipline in this jurisdiction to demonstrate that the imposition of the same discipline is not appropriate.
In the instant case, respondent has made no showing of infirmities in the Texas proceeding, nor do we discern any from our review of the record. Furthermore, we find no reason to deviate from the sanction imposed in Texas. Although we are not required to impose the same sanction as that imposed by Texas, nevertheless, only under extraordinary circumstances should there be a significant vari-ánee from the sanction imposed by the other jurisdiction. In re: Aulston, 05-1546 (La.1/13/06), 918 So.2d 461. See also In re Zdravkovich, 831 A.2d 964, 968-69 (D.C.2003) (“there is merit in according deference, for its own |4sake, to the actions of other jurisdictions with respect to the attorneys over whom we share supervisory authority”).
Here, there is little doubt that respondent’s conduct would warrant discipline in Louisiana, given that he neglected the legal matters of two clients and failed to communicate with his clients. Under these circumstances, we agree that a public reprimand is warranted. '
Accordingly, we will impose the same discipline against respondent as was imposed in Texas.
DECREE
Considering the Petition to Initiate Reciprocal Discipline Proceedings filed by the Office of Disciplinary Counsel and the record filed herein, it is ordered that respon *459 dent, Jose W. Vega, Louisiana Bar Roll number 22216, be publicly reprimanded.

. Respondent was admitted to the practice of law in Louisiana in 1993, but he has been ineligible to practice since June 1, 2012 for failure to comply with the mandatory continuing legal education requirements. Respondent is also ineligible for failure to pay his bar dues and the disciplinary assessment and for failure to file a trust account disclosure form.

. Respondent did refund the $2,010 filing fee paid by his client.

.As previously noted, respondent is also licensed to practice law in New York. On May 2, 2013, the New York Supreme Court, Appellate Division, Third Judicial Department, imposed reciprocal discipline upon respondent in the form of a public censure based upon the discipline imposed in Texas.