PER CURIAM.
| iPursuant to Supreme Court Rule XIX, § 21, the Office of Disciplinary Counsel (“ODC”) has filed a petition seeking the imposition of reciprocal discipline against respondent, Jose W. Vega,[1] an attorney *1177 licensed to practice law in Louisiana, Texas, and New York, based upon discipline imposed by the Supreme Court of Texas.
UNDERLYING FACTS AND PROCEDURAL HISTORY
In February 2016, respondent filed with the Supreme Court of Texas a “Motion for Acceptance of Resignation as Attorney and Counselor at Law” in lieu of discipline. The Chief Disciplinary Counsel (“CDC”) of the State Bar of Texas filed a response to the motion, agreeing that acceptance of respondent’s resignation in lieu of discipline is in the best interest of the public and the legal profession. . In its response, the CDC indicated that allegations of misconduct are pending against respondent as follows:
The Vieyrar-Gwrda Matter — On March 25, 2013, Marco Vieyra-Garcia paid respondent $2,000 to represent him and his wife in an immigration matter. Respondent failed to earn the entire fee and failed to refund the unearned portion |2until February 2014. The CDC alleged .that respondent violated Rule 1.15(d) (upon termination of the representation, a lawyer shall refund any advance fee that has not been earned) of the Texas Disciplinary Rules of Professional Conduct.
The Perez Matter — On July 7, 2011, Elmer Perez paid respondent $8,500 to represent him in an immigration matter. Respondent failed to keep Mr. Perez reasonably informed about the status of his matter. Respondent also failed to earn the entire fee and failed to refund the unearned portion. The CDC alleged that respondent violated Rules 1.03(a) (a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information) and 1.15(d) of the Texas Disciplinary Rules of Professional Conduct.
The Sanchez Matter — On May 11, 2012, Leonel Sanchez paid respondent $3,500 to represent him in a criminal matter. Respondent failed to earn the entire fee and failed to refund the unearned portion. Consequently, Mr. Sanchez sued respondent and obtained a default judgment against him. Thereafter, respondent refunded $3,500 to Mr.- Sanchez. Respondent failed to timely respond to the CDC’s notice of the grievance filed against him. The CDC alleged that respondent violated Rules 1.15(d) and 8.04(a)(8) (a lawyer shall not fail to timely furnish a response or other information to the Chief Disciplinary Counsel’s office) of the Texas Disciplinary Rules of Professional Conduct.
The Maria Aguilar Matter — On March 19, 2013, Maria Aguilar paid respondent $1,500 to file a petition for alien relative with the United States Citizenship and Immigration Services (“USCIS”) with the expectation that an additional $1,500 would be paid to complete the process. Respondent delayed'filing the petition for eight months. The matter was further delayed because USCIS changed the way it processed such matters. Respondent failed to keep MsJjAguilar fully informed throughout the process. The CDC alleged that respondent violated Rule 1.03(a) of the Texas Disciplinary Rules of Professional Conduct.
The Luis Aguilar Matter — On February 15, 2013, Luis Aguilar paid respondent $2,000 to file a petition for alien relative with USCIS with the expectation that an additional $1,070, which included a filing fee, would be paid within three months to complete the' process. The matter was delayed, and Mr. Aguilar eventually retained new counsel. Respondent failed to timely respond to the CDC’s notice of the grievance filed against him. The CDC alleged that respondent violated Rule *1178 8.04(a)(8) of the Texas Disciplinary Rules of Professional Conduct.
The Flores-Medrano Matter — -In September 2013, Jorge Flores-Medrano paid respondent $3,490, which included filing fees, to assist his wife in seeking to adjust her immigration status and obtain permanent residency. In October 2013, respondent filed several applications with the US-CIS. However, the matter was delayed because USCIS changed the way it processed such matters. Respondent failed to timely respond to the CDC’s notice of the grievance filed against him. The CDC alleged that respondent violated Rule 8.04(a)(8) of the Texas Disciplinary Rules of Professional Conduct.
The De La Rosa Matter — On June 14, 2014 Arturo De La Rosa paid respondent $2,000 to assist his wife in -seeking to adjust her -immigration status and obtain permanent • residency. The matter was subsequently delayed because USCIS changed the way it processed such matters. Respondent failed to keep Mr. De La Rosa and his wife fully informed throughout the process, and Mr. De La Rosa eventually fired respondent. Respondent failed to timely respond to the CDC’s notice of the grievance filed against him. , The CDC alleged that respondent violated Rules 1.03(a), 1.03(b) (a, lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the | representation), and-'8.04(a)(8) of the Texas Disciplinary Rules of Professional Conduct. •
The Teno!Gutierrez Matter — On February 12, 2014, Veronica Teno paid respondent $2,000 to represent her husband, Solomon Gutierrez, in a deportation matter. Respondent failed to keep Ms. Teno and Mr. Gutierrez updated on the status of the matter, despite their numerous requests for information. In particular, respondent failed to inform them that a deportation order had been entered. Mr. Gutierrez was subsequently deported, and Ms. Teno hired new counsel. Respondent failed to timely respond to the CDC’s notice of the grievance filed against him. He did, however, eventually agree to refund $250 of the fee. The CDC alleged that respondent violated Rule 8.04(a)(8) of the Texas Disciplinary Rules of Professional Conduct.
The Vindel/Lagos Matter — On November 12, 2011, Zenia Vindel and her husband, Eduardo Lagos, paid respondent $4,900, which included filing fees, to assist Mr. Lagos in seeking to adjust his immigration status and obtain permanent residency. The matter was delayed becaüse USCIS changed the way it processed such matters. Ultimately, the USCIS denied Mr. Lagos’ application, Ms. Vindel requested a refund and .the return of Mr. Lagos’ file, but she never received either. Respondent failed to timely respond to the CDC’s notice of the grievance filed against him. The CDC alleged that respondent violated Rulés 1.03(a), 1.15(d), and 8.04(a)(8) of the Texas Disciplinary Rules of Professional Conduct.
The Cano/Torres Matter — In October 2013, Elias Cano paid respondent $3,500 to assist him and his wife, Juana Torres, in seeking to adjust their immigration status and obtain permanent residency. Respondent filed motions for lawful permanent residency for Mr. Cano and Ms. .Torres. Ms. Torres received her lawful permanent residency, but Mr. Cano’s motion was denied due to a failure to respond to a request for additional information that respondent claimed he never | .^received. Mr. Cano fired respondent, citing respondent’s failure to keep him updated on the status of the matter. Respondent failed to timely respond to the CDC’s notice of the grievance filed against him. The CDC alleged that respondent violated Rule 8.04(a)(8) of *1179 the Texas Disciplinary Rules of Professional Conduct.
The Gonzalez Matter — Attorney Raed Gonzalez filed a grievance against respondent with the CDC with respect to five of his clients who had previously been represented by respondent in immigration matters. Respondent failed to timely respond to the CDC’s notice of the grievance filed against him. Respondent’s conduct in each of the five matters is summarized as follows:
In September 2012, Bernardo Torrez paid respondent $1,490, but respondent neglected Mr. Torrez’ immigration matter and failed to communicate with him. Respondent also failed to respond when Mr. Gonzalez requested Mr. Torrez’ file and a refund of the unearned fee.
In October 2007, Erasmo Aguillon paid respondent between ■ $1,750 and $3,500, plus filing fees. Mr. Aguillon subsequently hired Mr. Gonzalez, who requested Mr. Aguillon’s file and 'a refund of the unearned fee, Respondent failed to respond to Mr. Gonzalez’ request. -
In June 2014, Juan Cerda paid respondent $2,500, plus $505 in filing fees. Respondent filed some documents on Mr. Cerda’s behalf but failed to pay the filing fee, Consequently, Mr. Cerda’s case was dismissed. Respondent also failed to sufficiently communicate with Mr. Cerda and misrepresented to Mr. Cerda that his case was still pending. Mr. Cerda subsequently hired Mr. Gonzalez, who requested Mr. Cerda’s file and a refund of the unearned fee. Respondent failed to respond to Mr. Gonzalez’ request.
In February 2014, Diego Perez paid respondent $2,000. Mr. Perez’ immigration matter was delayed because USCIS changed the way it processed such matters. Respondent failed to sufficiently communicate with Mr. Perez, who | (¡eventually hired Mr. Gonzalez. Respondent- also failed to respond when Mr. Gonzalez requested Mr. Perez’ file and a refund of the unearned fee.
In September 2013, Jesus Herrera paid respondent $2,000. Thereafter, respondent neglected Mr. Herrera’s immigration matter. Mr. Herrera subsequently hired Mr. Gonzalez, who requested Mr. Herrera’s file and a refund of the unearned fee. Respondent failed to respond to Mr. Gonzalez’ request.
The CDC alleged that respondent violated Rules 1.01(b)(1) (a lawyer shall not neglect a legal matter entrusted to the lawyer), 1.03(a), 1.03(b), 1.15(d), and 8.04(a)(8) of the Texas Disciplinary Rules of Professional Conduct.
The Diaz Matter — On May 5, 2014,, Juan Diaz paid respondent $750, plus a $590 filing fee, to file a petition to remove conditions on Mr. Diaz’ residence. Thereafter, respondent neglected the matter while continually assuring Mr. Diaz that it was being handled. In January 2015, Mr. Diaz learned the application in his immigration matter had not been filed and -subsequently fired respondent. The CDC alleged that respondent violated Rules 1.03(b), 5.03(a) (a lawyer having direct supervisory authority over a non-lawyer shall make reasonable efforts to ensure the non-lawyer’s conduct is compatible with the professional obligations of the lawyer), and 5.03(b) (a lawyer shall be subject to discipline for the conduct of a non-lawyer that would be a violation of these rules if engaged in by the lawyer) of the Texas Disciplinary Rules of Professional Conduct.
The Leija Matter — On October 6, 2010, Martha Leija paid respondent $3,875 to represent her son in an immigration matter. Respondent filed for asylum, which was denied, and respondent had 30 days to appeal, Ms. Leija stated that she paid the appeal filing- fee, but respondent failed to file an appeal. Ms. Leija further stated that respondent failed to return her tele *1180 phone calls and failed to keep her informed of the status of the matter. Subsequently, Ms. Leija’s son was deported. Respondent then failed to turn .over the file to the new attorney Ms. |7Leija retained to represent her son. Respondent failed to timely respond to the CDC’s notice of the grievance filed against him. The CDC alleged that respondent violated Rules 1.03(a), 1.15(d), and 8.04(a)(8) of the Texas Disciplinary Rules of Professional Conduct.
The Reyes Matter — On January 21, 2014, Maria Reyes paid respondent $2,000 to represent her in an immigration matter. Thereafter, respondent neglected the matter and failed to communicate with Ms. Reyes. Respondent also failed to refund the unearned fee. Respondent failed to timely respond to the CDC’s notice of the grievance filed against him. The CDC alleged that respondent violated Rules 1.03(a), 1.15(d), and 8.04(a)(8) of the Texas Disciplinary Rules of Professional Conduct.
The Montoya Matter — On November 1, 2010, Camelia Montoya and her husband paid respondent $3,500, which included $670 in filing fees, to assist them in seeking to adjust their immigration status and obtain permanent residency. Thereafter, respondent failed to communicate with Ms. Montoya. Ultimately, her application was denied, and she now faces removal proceedings. In March and April 2015, Ms. Montoya requested a refund, and respondent refunded the $670 paid for filing fees. The CDC alleged that respondent violated Rule 1.03(b) of the Texas Disciplinary Rules of Professional Conduct.
The Villasenor Matter — On May 7, 2014, Ana Villasenor paid respondent $2,000 to assist her in seeking to adjust her immigration status and obtain permanent residency. Thereafter, respondent failed to communicate with Ms. Villasenor. Respondent also failed to provide the USCIS with certain required evidence, and Ms. Villasenor’s application was denied. Ms. Villasenor requested a refund of the unearned fee. Respondent indicated he would provide an accounting but failed to do so. The CDC alleged that respondent violated Rules 1.03(b) and 1.15(d) of the Texas Disciplinary Rules of Professional Conduct.
Is The Basurto Matter— On February 8, 2010, Gerson Basurto . paid respondent $3,250 to assist him in seeking to adjust his immigration status and obtain permanent residency. Three years later, in April of 2013, Mr. Basurto received notice from the USCIS that nothing had been filed on his behalf. During the time that passed, respondent failed to keep Mr. Ba-surto fully informed regarding the status of the matter. On July 29, 2014, the US-CIS scheduled a hearing with an adjudication officer, and Mr. Basurto’s application was ultimately denied. Mr. Basurto requested a refund, which respondent did not provide because of the work he performed on the matter. The CDC alleged that respondent violated Rules 1.03(b) and 1.15(d) of the Texas Disciplinary Rules of Professional Conduct.
The Camarena Matter — In September 2013, Salvador Camarena paid respondent $1,500 to represent him in an immigration matter. Respondent told Mr. Camarena he would forward the necessary forms and supporting documentation for a visa application to Mr. Camarena, but respondent never did. Thereafter, Mr. Camarena made repeated attempts to contact respondent and requested a refund. Respondent indicated, via text message, that he would return the unearned fee but did so only after Mr. Camarena filed a grievance with the CDC. Respondent failed to respond to the CDC’s notice of the grievance filed against him. The CDC alleged that respondent violated Rules 1.01(b)(1), 1.03(a), *1181 1.15(d), and 8.04(a)(8) of the Texas Disciplinary Rules of Professional Conduct.
The Lopez Matter — On March 18, 2014, Raquel Lopez paid respondent $6,980, which included filing fees, to assist her in seeking to adjust her immigration status and obtain permanent residency. The matter was delayed because the USCIS changed the way it processed such matters. Respondent failed to.keep Ms. Lopez fully informed throughout the process. Ultimately, Ms. Lopez’ application was denied, and she fired respondent. The CDC alleged that ^respondent violated Rules 1.03(a) and 1.03(b) of the Texas Disciplinary Rules of Professional Conduct.
The Maria Rodriguez Matter — On September 12, 2013, Maria Rodriguez paid respondent $2,000, plus filing fees, to assist her and her husband in seeking to adjust, her immigration status and obtain permanent residency. Thereafter, respondent failed to respond to Ms. Rodriguez’ repeated attempts to obtain information regarding the status of the matter. The USCIS sent a request for evidence, but respondent failed to provide all necessary evidence. Ultimately, Ms. Rodriguez’ application was denied. Ms. Rodriguez and her husband consulted another attorney and learned the application would have been denied no matter how it was submitted because Ms. Rodriguez and her husband had not previously registered legal entry and, thus, were ineligible for an adjustment of their immigration status. The CDC alleged that respondent violated Rules 1.03(a) and 1.03(b) of the Texas Disciplinary Rules of Professional Conduct.
The Villalobos Matter — In May 2014, Virginia Villalobos paid respondent $2,420 to represent her in an immigration matter. According to Ms. Villalobos, respondent failed to respond to her numerous attempts to contact him over the course of almost a year. Respondent admitted that the petition Ms. Villalobos hired him to file was not filed. He further admitted that he did not refund the fee paid by Ms. Villalo-bos. The CDC alleged that respondent violated Rules 1.01(b)(1), 1.01(b)(2) (a lawyer shall not frequently fail to carry out completely the obligations that the lawyer owes to' a client or clients), 1.03(a), and 1.15(d) of the Texas Disciplinary Rules of Professional Conduct.
The Hernandez Matter — In July 2013, Maria Hernandez paid respondent $3,500 to remove a drug charge from her husband’s criminal record so he could apply for an adjustment of his immigration status. Thereafter, respondent failed to respond to Ms. Hernandez’ repeated attempts to contact him. Respondent also hnfailed to show that he performed1 any of the work he was hired to perform and failed to refund the unearned fee. The CDC alleged that respondent violated Rules 1.01(b)(1), 1.03(a), 1.03(b), and 1.15(d) of the Texas Disciplinary Rules of Professional Conduct.
The Rivera/Sessena Matter — In March 2010, Mario Rivera paid respondent $4,845, which included filing fees, to represent Gabriella Sessena in an immigration matter. Thereafter, respondent failed to file the necessary forms and supporting documentation for Ms. Sessena.. Furthermore, notwithstanding Ms. Rivera’s repeated attempts to contact respondent, he failed to keep Ms. Rivera and Ms. Sessena fully informed during the representation. Respondent failed to timely respond to the CDC’s notice of the grievance filed against him. The CDC alleged that respondent violated Rules 1.01(b)(1), 1.01(b)(2), 1.03(a), 1.15(d), and 8.04(a)(8) of the Texas Disciplinary Rules of Professional Conduct.
The Santos Rodriguez Matter — In January 2013, Santos Rodriguez paid respondent $2,500 to reopen a criminal case because of the consequences it had on Mr. Rodriguez’ immigration deportation pro *1182 ceedings. Thereafter, respondent failed to communicate, with- Mr. Rodriguez. When Mr, Rodriguez checked the court records, he discovered that respondent had not filed anything on his behalf. . Respondent hand-delivered a copy of Mr. Rodriguez’ petition for review on February 26, 2014 and agreed to refund $1,000 to Mr. Rodriguez. Respondent failed to timely respond to the CDC’s notice of the grievance filed against him. , The CDC alleged that respondent viplated Rules 1.03(a) and 8.04(a)(8) of the Texas Disciplinary Rules of Professional Conduct.
The Marroquin Matter — -On July 2, 2014, Hector Marroquin paid respondent $2,000 to represent him in a criminal case and deportation matter. Respondent filed a motion to re-open a 2002 removal order, which was denied on September 2, 2014. Mr. Marroquin stated that he fired respondent because the motion to re-open lnwas wholly insufficient. After respondent was fired, he filed an appeal of the September 2, 2014 denial. The appeal was also denied. As a result, Mr. Marroquin’s subsequent counsel was precluded from appealing the decision, which ultimately cost Mr. Marroquin" his opportunity to remain in the United States. Respondent failed to timely respond to the CDC’s notice of the grievance filed against him. The CDC alleged that respondent violated Rule 8.04(a)(8) of the Texas Disciplinary Rules of Professional Conduct.
The Acosta Matter — In November 2013, Luis Acosta paid respondent an initial consultation fee of $100, legal fees of $1,850, and $565 for filing fees, to represent him in his deportation proceedings and to obtain a work permit for him. Thereafter, respondent failed to keep Mr. Acosta informed about the status of his case. On June 13, 2014, - Mr. Acosta’s mother advised respondent they were seeking new counsel and requested a refund of the unearned fee. Respondent agreed to refund the $565 filing "fee. Respondent failed to timely respond to the CDC’s notice of the grievance filed against him. The CDC alleged that, respondent violated Rulés 1.03(a), 1.15(d), and 8.04(a)(8) of the Texas Disciplinary Rules of- Professional Conduct.
The Mendez Matter — In July 2014, Maria Mendez paid respondent $3,000 to assist her in seeking to adjust" her immigration status to permanent resident. Thereafter, respondent failed to file the necessary forms and supporting documentation on Ms. Mendez’ behalf. He also failed to respond to Ms, Mendez’ repeated attempts to contact him. The CDC alleged that respondent violated Rules 1.03(a), 1.15(d), and 8.04(a)(8) of the Texas Disciplinary Rules of Professional Conduct. . • •
The Colon Matter — Salvador Colon, a Texas attorney, represents respondent’s former client. Mr. Colon requested the client’s file from, respondent, and respondent failed to provide it. The CDC alleged that respondent violated |12Rules 1.15(d) and, 8.04(a)(8) of the Texas Disciplinary Rules of Professional Conduct.
The Zamorra Matter — In January 2013, Ana Zamorra paid respondent $2,200 to assist her in seeking to adjust her immigration status. The matter was delayed because the USCIS changed the way it processes such matters. Respondent failed to respond, to Ms. Zamorra’s repeated attempts to contact him. The CDC alleged that respondent violated Rules 1.03(a) and 8.04(a)(8) of the Texas Disciplinary Rules of Professional Conduct.
The Garcia Matter— In February 2014, Alicia Garcia paid respondent $3,920 to assist her husband in' seeking .to adjust his immigration status. Thereafter,- respondent failed to file the necessary forms and supporting documentation. He also failed to keep Ms. Garcia fully informed through *1183 out the representation. Respondent attributed the mistakes made to his failure to supervise his non-lawyer staff. He agreed to refund Ms. Garcia a portion of the legal fee and her filing fees. The CDC alleged that respondent violated Rules 5.03(a), 5.03(b), and 8.04(a)(8) of the Texas Disciplinary Rules of Professional Conduct.
The Sandoval Matter — In 2014, Fiorina Sandoval paid respondent an undisclosed amount to assist her in seeking to adjust her immigration status. Respondent’s assistant told Ms. Sandoval that sh¿ had been granted permission to leave the country. However, upon return, she was detained at the border. Respondent had failed to file the necessary forms and supporting documentation on Ms. Sandoval’s behalf. He also failed to keep Ms. Sandoval fully informed throughout the representation. The CDC alleged that respondent violated Rules 1.15(d) and 8.04(a)(8)' of the Texas Disciplinary Rules of Professional Conduct.
The ArmaS' Matter — In July 2014, Giselle Armas paid respondent $3,500 to assist her in seeking to adjust her immigration status. Thereafter, respondent failed to file the necessary forms and supporting documentation on Ms. Armas’ behalf. haHe also failed to respond to Ms. Armas’ repeated attempts to contact him. Displeased with the representation, Ms. Ar-mas posted a “negative” review of respondent on the Internet, and she contended respondent retaliated by providing confidential information about her case on the review website. The CDC alleged that respondent violated Rules 1.03(a) and 1.03(b) of the Texas Disciplinary Rules of Professional Conduct.
The Santos Matter — In July 2014, Susana Santos paid respondent $2,200 to assist her in seeking to adjust her immigration status. Thereafter, respondent failed to file the necessary- forms and supporting documentation on Ms. Santos’ behalf. ' He also failed to respond to' Ms. Santos’ re- ' peated attempts to contact him. On April 21, 2015, Ms. Santos fired respondent and requested a refund of the fee she paid, but respondent did not refund any portion of the fee. Respondent failed to respond to the CDC’s notice of the grievance filed against him. The CDC alleged that respondent violated Rules 1.01(b)(1), 1.03(a), 1.15(d), and 8.04(a)(8) of the-Texas Disciplinary Rules of Professional Conduct.
The Venegas-Martinez Matter — In December 2014, Adriana Venegas-Martinez paid respondent $3,500 to assist her in seeking .to adjust her father’s immigration status. Thereafter, respondent failed to file the necessary forms and supporting documentation with the USCIS. Respondent also failed to respond to Ms. Venegas-Martinez’ repeated. attempts. to contact him. Ms. Venegas-Martinez requested a refund of the fee she paid, but respondent did not refund any portion of fee. Respondent failed to respond to the CDC’s notice of the grievance filed against him. - The CDC alleged that respondent violated Rules 1.01(b)(1), 1.03(a), 1.15(d), and 8.04(a)(8) of the Texas Disciplinary Rules of Professional Conduct. ■
. The Barragan Matter — In December 2013, Sintia Barragan paid respondent $2,000 to assist her husband in- seeking to adjust his.immigration status. Thereafter, respondent failed to file the proper forms and supporting | udocumentation. He also failed to respond to Ms. Barragan’s repeated attempts to contact him. Ms. Bar-ragan fired respondent and requested a refund of the fee she paid, but respondent did not refund any portion of the fee. Respondent failed to respond to the CDC’s notice of the grievance filed against him. The CDC alleged that respondent violated Rules l.ORbXDi 1.03(a), 1.15(d), and *1184 8.04(a)(8) of the Texas Disciplinary Rules of Professional Conduct.
The McGee Matter — In June 2014, Kelly McGee paid respondent $2,000 to assist her husband in seeking to adjust his immigration status. Thereafter, respondent failed to file the necessary forms and supporting documentation. He also failed to respond to Ms. McGee’s repeated attempts to contact him. Ms. McGee fired respondent and requested a refund of the fee she paid him, but respondent did not refund any portion of the fee. Respondent failed to respond to the CDC’s notice of the grievance filed against him. The CDC alleged that respondent violated Rules 1.01(b)(2), 1.03(a), 1.15(d), and 8.04(a)(8) of the Texas Disciplinary Rules of Professional Conduct.
The Sosa-Zavala "Matter — On February 24, 2014, Claudette Sosa-Zavala paid respondent $2,000, plus $253 in filing fees, to assist her in obtaining a divorce from her previous husband in order to seek permanent residency through her current common law husband. On March 5, 2015, more than a year later, respondent filed the petition of divorce. According to Ms. Sosa-Zavala, thereafter, respondent was difficult to reach, and neither her divorce nor her immigration work has been completed. Respondent agreed to refund $1,500 in fees and the filing fees. The CDC alleged that respondent violated Rules 1.03(a), 1.03(b), and 1.15(d) of the Texas Disciplinary Rules of Professional Conduct.
The Prendiz Matter — On November 26, 2006, Luis Prendiz hired respondent to represent his son in an immigration matter. However, the legal fee agreement was not executed until February 8, 2007. Mr. Prendiz complained that respondent 11 ¿delayed the filing of the application with the USCIS for more than two years.' Mr. Prendiz then sought assistance through his congressman and eventually received a notice of action dated May 4, 2009. Mr. Prendiz contended that, on September 16, 2015, the U.S. Department of State — National Visa Center sent respondent correspondence indicating respondent is the attorney of record and informing him of the failure to send a fee payment on behalf of Mr. Prendiz’s son. The CDC alleged that respondent violated Rule 1.15(d) of the Texas Disciplinary Rules of Professional Conduct.
On February 16, 2016, the Supreme Court of Texas accepted respondent’s resignation and canceled his law license. The court also set the following conditions for respondent’s reinstatement to the practice of law in Texas:
1. Restitution in the amount of $2,500 to Elmer Perez and return of the client file;
2. Restitution in the amount of $250 to Solomon Gutierrez;
3. Return of the client file to Eduardo Lagos;
4. Restitution in the amount of $1,000 to Bernardo Torrez and return of the client file;
5. Return of the client file to Erasmo Aguillon;
6. Restitution in the amount of $505 to Juan Cerda and return of the • client file; '
7. Restitution in the amount of $590 to Juan Diaz;
8. Return of the client file to Martha Leija;
9. Restitution in the amount of $1,500 to Maria Reyes;
10. Restitution in the amount of $1,500 to Salvador Camarena;
11. Restitution in the amount of $1,500 to Virginia Villalobos;
12. Restitution in the amount of $3,250 to Maria Hernandez;
*1185 13. Restitution in the amount of $1,500 to Mario Rivera;
' 14. Restitution in the amount of $1,000 to Santos Rodriguez;
11fil5. Restitution in the amount of $565 to Luis Acosta;
16. Restitution in the amount of $1,753 to Claudette Sosa-Zavala;
17. Restitution in the amount of $300 to Maria Mendez and return of the client file;
18. Return of the client file to Salvador Colon;
19. Restitution in the amount of $500 to Fiorina Sandoval;
20. Restitution in the amount of $920 to Alicia Garcia;
21. Restitution in the amount of $3,500 to Adriana Venegas-Martinez;
22. Restitution in the amount of $2,000 to Kelly McGee;
23. Restitution in the amount of $2,000 to Sintia Barragan;
24. Restitution in the amount of $500 to Luis Prendiz;
25. Payment of $8,250 in attorneys’ fees to the State Bar of Texas; and
26. Payment of $3,107 in direct expenses to the State Bar of Texas.
After receiving notice of the Texas order of discipline, the ODC filed a motion to initiate reciprocal discipline proceedings in Louisiana, pursuant to Supreme Court Rule XIX, § 21. A certified copy of the decision and order of the Supreme Court of Texas was attached to the motion. On May 5, 2016, we rendered an order giving respondent thirty ■ days to demonstrate why the imposition of identical discipline in this state would be unwarranted. Respondent failed to file any response in this court.
DISCUSSION
The standard for imposition of discipline on a reciprocal basis is set forth in Supreme Court Rule XIX, § 21(D). That rule provides:-
Discipline to be Imposed. Upon the expiration of thirty days from service of the notice pursuant to the provisions of paragraph B, this court shall impose the identical discipline ... unless disciplinary counsel or the lawyer demonstrates, or this court finds that it clearly appears |17upon the face of the record from which the discipline is predicated, that:
(1) The procedure was. so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
(2) Based on the record created by the jurisdiction that imposed the discipline, .there was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duty, accept as final the conclusion on that subject; or
(3) The imposition of the same discipline by the court would result in grave injustice or be offensive to the public policy of the jurisdiction; or
(4) The misconduct established warrants •' substantially different discipline in this state; .-. •.
If this court determines that any of those elements exists, this court shall enter such other order as it deems appropriate. The burden is on the party seeking different discipline in this jurisdiction to demonstrate that the imposition of the same discipline is not appropriate.
In the instant case, respondent has made no showing of infirmities in the Texas proceeding, nor do we discern any from our review of the record. Furthermore, we feel there is no reason to deviate from the sanction imposed in Texas as only under extraordinary circumstances should there be a significant variance from the *1186 sanction imposed by the other jurisdiction; In re: Aulston, 05-1546 (La.1/13/06), 918 So.2d 461. See also In re Zdravkovich, 831 A.2d 964, 968-69 (D.C.2003) (“there is merit in according deference, for its own sake, to the actions of other jurisdictions with respect to the attorneys over whom we share supervisory authority”).
Under these circumstances, we bélieve it is appropriate to defer to the Texas judgment imposing discipline upon respondent. The discipline imposed-in Texas was the acceptance of respondent’s resignation from the practice of law. in lieu of discipline, with a list of conditions if respondent wishes to be reinstated to the practice of law in Texas in the future.
hsln Louisiana, resignation from the practice of law in-lieu of discipline is governed by Supreme Court Rule XIX, § 20.1. However, Rule XIX, § 20.1(F), in particular, prohibits reinstatement to the practice of law in Louisiana following resignation in lieu of- discipline. Specifically, Rule XIX, § 20.1(F) provides:
■A -request- for -permanent resignation in lieu of discipline which is granted by the court shall, as a condition thereto, permanently prohibit the lawyer from practicing law in Louisiana or in any other jurisdiction in which the lawyer is admitted to the practice of law; permanently .prohibit the lawyer from seeking readmission to the practice of law in this state or in any; other jurisdiction in which the lawyer is admitted;, and permanently prohibit the lawyer from seeking admission to the practice of law in any jurisdiction. Jurisdictions seeking to impose 'reciprocal discipline shall be entitled to receive the entire record of the lawyer’s request seeking permanent resignation.
Thus, acceptance of respondent’s resignation from the practice of law in lieu of discipline in Louisiana would permanently prohibit him from seeking reinstatement in Louisiana and/or .Texas, which is not equivalent to the discipline imposed in Texas.
An examination of the Texas Rules of Disciplinary Procedure reveals that resignation in lieu of discipline in Texas is equivalent to disbarment in Louisiana.[2] Just as Supreme Court Rule XIX, § 24(A) provides for the ability of a disbarred attorney to petition for readmission to the practice of law in Louisiana five years after the effective date of disbarment, the Texas Rules of Disciplinary Procedure, Part XI, subpart 11.01, provides the same for Texas attornéys who have resigned in lieu of discipline:
A disbarred person or a person who has resigned in lieu of discipline may, at any time after the expiration of five years from the date of final judgment of disbarment or the date of Supreme Court order accepting resignation in lieu of discipline, petition, the district court of the county of his or her residence for reinstatement,
|13In light of the Texas Rules of Disciplinary Procedure, the most equivalent reciprocal discipline we could impose upon respondent is disbarment. Accordingly, we will impose reciprocal discipline upon respondent in the form' of disbarment.
DECREE ,
Considering the Petition to Initiate Reciprocal Discipline Proceedings filed by the Office of Disciplinary Counsel and the record filed herein, it is ordered that respondent, Jose W. Vega, Louisiana Bar Roll *1187 number 22216, be and he hereby is disbarred. His name shall be stricken from the roll of attorneys and his license to practice law in the State of Louisiana shall be revoked.

. Respondent is currently ineligible to practice law in Louisiana for failing to pay bar dues and the disciplinary assessment, failing to fulfill mandatory continuing legal education requirements, and failing to file a trust account disclosure statement. In September 2013, we publicly reprimanded respondent as reciprocal discipline based on public reprimands he received in two separate proceedings in Texas. In re: Vega, 13-1456 (La.9/20/13), 124 So.3d 456.

. See Texas Rules of Disciplinary Procedure, Pari X, subpart 10,05, which-provides that ,"[a]ny resignation under this part shall be treated as a disbarment for all purposes, including client notification, discontinuation of practice, and reinstatement.”