573 So.2d 470 (1991)
LOUISIANA STATE BAR ASSOCIATION
v.
Robert P. CHATELAIN.
No. 89-B-0703.
Supreme Court of Louisiana.
January 22, 1991.
Thomas Collins, Jr., Executive Counsel, G. Fred Ours, Asst. Executive Counsel, New Orleans, for Louisiana State Bar Assoc. plaintiff-relator.
Robert P. Chatelain, pro se.

DISCIPLINARY PROCEEDING
LEMMON, Justice.
This is a disciplinary proceeding against a member of the Louisiana State Bar Association who has already been disbarred twice from the practice of law.
In Louisiana State Bar Association v. Chatelain, 513 So.2d 1178 (La.1987), respondent was disbarred because of 1985 misconduct in which he received over $52,000 in passing an act of sale, twice gave the seller an N.S.F. check, and only made restitution through his insurer one year later after judgment was rendered against him in a civil suit. Respondent was found to have commingled trust funds with his own and converted the trust funds to his own use, benefitting personally from the misconduct and causing serious harm to the seller.
The decision in Louisiana State Bar Association v. Chatelain, 545 So.2d 1000 (La. 1989) involved misconduct with five separate clients. In the first case respondent withheld over $1,100 from a sale in 1985 to *471 pay liens and the title insurance premium. The buyer had to pay the liens and the premium when respondent failed to do so, and respondent did not make restitution until more than a year later. In the second case respondent failed to maintain records of over $50,000 entrusted to him by the client in 1985. In the third case respondent retained over $43,000 from a sale in 1985 to pay off a mortgage, but failed to do so or to make restitution to the title insurer for over two years. In the fourth case respondent withheld child support payments collected for his client in 1987 for five months, issuing checks on a closed account to the client during that period. In the fifth case respondent depleted over $246,000 of assets in a succession he was handling in 1987 and has never made restitution. Because of this series of violations the five-year waiting period for respondent's applying for readmission after the previous disbarment was extended so as to commence with the finality of that judgment.
In the present case respondent was employed to represent Raymond Williams in a claim for tort damages. Without the knowledge of his client respondent settled the claim in December of 1982 and forged his client's signature on the $21,000 settlement check. He then converted the funds to his own use. For the next two years he advised his client that the suit was still pending, but the client confronted respondent when he determined from court records that the suit had been settled. Respondent ultimately reimbursed the client for the embezzled funds, retaining his contractual fee.
The Bar Association charged respondent with commingling and conversion of the client's funds in violation of Disciplinary Rule 9-102(A) and (B) and with engaging in conduct involving fraud, deceit and misrepresentation in violation of DR 1-102(A).[1] These specifications of misconduct were proved by clear and convincing evidence at the hearing before the commissioner appointed by this court. The commissioner recommended disbarment.
Disbarment is appropriate when the attorney acts in bad faith and intends a result inconsistent with his client's trust, commits fraudulent acts in connection with the violation, causes extended deprivation and damage, expense and inconvenience to the client, and makes restitution only after extended disciplinary or legal proceedings. Louisiana State Bar Association v. Hinrichs, 486 So.2d 116 (La.1986). The present case involved intentional conversion, fraudulent acts, deceit of the client, and damage to the client by deprivation of the funds for two years. This case is further aggravated by prior disciplinary offenses (two prior disbarments), dishonest and selfish motive, vulnerability of the victim, substantial experience in the practice of law (admitted in 1972), and failure to cooperate in the disciplinary proceeding. Standards for Imposing Lawyer Sanctions, § 9.22 (1986). The only mitigating factor is restitution. Id. at § 9.32.
Disbarment is clearly the appropriate penalty for the violations in this case, which is respondent's third disciplinary action for misconduct occurring between 1982 and 1987. Because the 1982 misconduct in this case occurred before the violations in the two previous cases which led to respondent's disbarment and the extension of the delay for applying for possible readmission, and because all three cases involve the same pattern of misconduct, we will not disbar him again or extend his delay for applying for readmission.[2]Louisiana *472 State Bar Association v. Krasnoff, 515 So.2d 780 (La.1987). Instead we will simply adjudge him guilty of additional violations which warrant disbarment and which will be added to his record for consideration in the event he applies for readmission after becoming eligible to do so. Id.
Accordingly, respondent is adjudged guilty of additional violations which warrant disbarment. All costs of these proceedings are assessed against respondent.
NOTES
[1] The Code of Professional Responsibility was replaced by the Rules of Professional Conduct, effective January 1, 1987. The violations in this case occurred before the effective date.
[2] Since the attorney-respondent cannot control the timing of the institution of disciplinary proceedings, it is generally inappropriate to disbar a previously disbarred attorney an additional time when the violations at issue occurred before or concurrently with the violations which resulted in the initial disbarment. When a second disciplinary proceeding against an attorney involves misconduct which occurred during the same time period as the first proceeding, the overall discipline to be imposed should be determined as if both proceedings were before the court simultaneously. See 1 Lawyers' Manual on Professional Conduct 466 (1984); Matter of Thompson, 492 A.2d 866 (D.C.App.1985).