*1059 ATTORNEY DISCIPLINARY PROCEEDINGS
hPER CURIAM*
This attorney disciplinary proceeding arises from one count of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, James Ashley Vaughan, an attorney licensed to practice law in the State of Louisiana, but currently on suspension.
UNDERLYING FACTS
In May 1997, Leonard L. Little retained respondent for $750 to handle a child support matter. Subsequently, respondent closed his office without informing Mr. Little. Respondent failed to account for or return any unearned fee, as well as failed to return his client’s files which contained original documents.
Subsequently, Mr. Little filed a complaint with the ODC. The ODC sent a copy of the complaint to respondent’s registered address, which was the home of his wife’s parents. Although the letter was signed for by a member of respondent’s family, he neglected to submit a response. Subsequently, the ODC was unsuccessful in serving a subpoena on respondent, but learned in its investigation that respondent, who had joined the military, had moved on several occasions.
Respondent eventually contacted the ODC and indicated he was residing in North Carolina. He stated that his files, presumably including Mr. Little’s files, were |¡>in storage in Virginia, and that he was expecting them to be delivered to his new address. The ODC forwarded a request for additional information to respondent, but respondent failed to reply to the request.
DISCIPLINARY PROCEEDINGS

Formal Charges

After investigation, the ODC filed two counts of formal charges against respondent, based on his conduct in the Little matter and his failure to cooperate in the resulting disciplinary investigation. The ODC alleged respondent’s actions constituted a violation of the following Rules of Professional Conduct: Rules 1.3 (lack of due diligence and promptness), 1.4 (failure to communicate with a client), 1.5(f)(6) (fee *1060 arrangements), 1.15(b) (failure to account for or return unearned fee), 1.16(a) (failure to properly withdraw from legal representation), 1.16(d) (improper termination of representation), 8.4(c) (knowing failure to comply with orders of a tribunal), 8.1(b) (failure to respond to a lawful demand for information from a disciplinary authority), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violation of Rules of Professional Conduct), 8.4(d) (engaging in conduct prejudicial to the administration of justice) and 8.4(g) (failure to cooperate with the ODC), as well as Supreme Court Rule XIX, § 8(c) (failure to update attorney registration statement with current addresses), § 9(a) (breach of Rules of Professional Conduct) and § 9(c) (willful failure to respond to a lawful demand from a disciplinary authority).
Respondent failed to file an answer. Accordingly, no formal hearing was conducted, and the matter was submitted to the hearing committee on written argument and documentary evidence only.
| ^Hearing Committee Recommendation
The hearing committee determined respondent breached duties owed to his client by neglecting the child support matter, failing to communicate, failing to comply with requests for information and failing to provide an accounting. It determined the abandonment of his law practice and failure to communicate was knowing and intentional. The committee found respondent’s client suffered actual injury insofar as he was wrongfully deprived of his funds to which he was entitled and his proceeding was needlessly delayed. As a sanction, the committee recommended respondent be suspended from the practice of law, but failed to specify a term for the suspension. However, it apparently contemplated a period in excess of one year, because it proposed that reinstatement be contingent upon submission of a complete accounting and full refund of the unearned portion of the fee to Mr. Little.
In December 2000, several months after the hearing committee issued its recommendation, respondent wrote to the ODC conceding that he abandoned his law practice in December 1997 without notice to Mr. Little. While he claimed that it was never his intention to abandon any of his clients, he asserted that he had simply become “dissatisfied” with being a solo practitioner and needed to find something else to do. Respondent stated that he had no intention of returning to Louisiana at the time.[1]

Disciplinary Board Recommendation

The disciplinary board adopted the findings of the hearing committee. However, the board concluded the committee erred in failing to find a violation of 14Rule 3.4(c) (knowing failure to comply with orders of a tribunal), and Supreme Court Rule XIX, § 8(c) (failure to update attorney registration statement with current addresses), § 9(a) (breach of Rules of Professional Conduct) and § 9(c) (willful failure to respond to a lawful demand from a disciplinary authority). Like the committee, it found respondent’s conduct was intentional and knowing, and caused injury to Mr. Little, in that he was deprived of his funds and his proceeding was needlessly delayed. Additionally, the committee determined the legal profession was harmed by respondent’s failure to cooperate in the disciplinary investigation, which resulted in un *1061 just delay, as well as imposed an additional burden upon the disciplinary system.
In addressing the issue of sanctions, the board relied on Standards 4.12, 4.42 and 7.2 of the ABA’s Standards for Imposing Lawyer Sanctions[2] and jurisprudence from this court. As aggravating factors, the board recognized that respondent had been suspended from the practice of law for a period of one year and one day by this court for similar conduct as the conduct in the instant case, including abandonment of a client matter, failure to communicate with the client, failure to return the unearned fee and files to the client and abandonment of his entire practice of law. In re Vaughan, 00-1892 (La.10/27/00), 772 So.2d 87 (hereinafter referred to as Vaughan I). Other aggravating factors identified by the board were dishonest or selfish motive, pattern of misconduct, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the disciplinary rules, refusal to acknowledge | ¡^wrongful nature of his conduct and indifference to making restitution. The board identified no mitigating factors.
Based on these factors, the board recommended respondent be suspended from the practice of law for a period of three years. It further recommended that respondent be ordered to provide an accounting and full restitution of the unearned fee. Finally, it proposed that the suspension run concurrently with the one year and one day suspension imposed in Vaughan I.
Neither respondent nor the ODC objected to the board’s recommendation.
DISCUSSION
The record supports the conclusion that-respondent abandoned his law practice without informing his client, resulting in his client being deprived of legal counsel and his original files in a contested child support matter. Respondent’s actions resulted in the unnecessary delay of his client’s legal matter. His intentional failure to participate in the disciplinary investigation also resulted in delays and expense to the disciplinary system. Therefore, the sole issue before us is the appropriate sanction for respondent’s misconduct.
In making a determination of the appropriate sanction, we are mindful that the purpose of lawyer disciplinary proceedings is not primarily to punish the lawyer, but rather to maintain appropriate standards of professional conduct to safeguard the public, to preserve the integrity of the legal profession, and to deter other lawyers from engaging in violations of the standards of the profession. Louisiana State Bar Ass’n v. Guidry, 571 So.2d 161 (La.1990). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
*1062 [fiIn formulating its recommendation, the disciplinary board placed great emphasis upon this court’s imposition of discipline on respondent in Vaughan I, which the board treated as an aggravating factor. Because the conduct forming the basis of the instant disciplinary proceeding occurred within the same time frame as the misconduct at issue in Vaughan I, we decline to treat that discipline as an aggravating factor. Rather, the proper approach in dealing with such a situation is illustrated in Louisiana State Bar Ass’n v. Chatelain, 573 So.2d 470 (La.1991), in which we explained that when a second disciplinary proceeding against an attorney involves misconduct which occurred during the same time period as the first proceeding, the overall discipline to be imposed should be determined as if both proceedings were before the court simultaneously.
Applying the Chatelain reasoning, we will consider respondent’s actions in the instant case together with his actions in Vaughan I. In cases involving multiple instances of neglect of client matters and failure to refund unearned fees, this court has imposed lengthy suspensions. See, e.g., In re Barnett, 616 So.2d 670 (La.1993). Respondent’s conduct is particularly egregious in light of his admission that he abandoned his law practice because he became “dissatisfied” with the practice of law. Respondent’s failure to make any effort to notify his clients of his intentions to close his practice or take any steps to protect their interests demonstrates a complete and utter disregard for the welfare of his clients, which is well below the standards expected of attorneys practicing in Louisiana. Under these circumstances, we conclude that if the court had considered the instant charges together with the charges in Vaughan I, we would have suspended respondent from the practice of law for a period of three years. Accordingly, we will now impose a three year suspension, to run concurrently with the suspension in Vaughan I.
^DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record, it is ordered that James Ashley Vaughan be suspended from the practice of law in Louisiana for a period of three years. The suspension is to run concurrently with the suspension imposed in In re Vaughan, 00-1892 (La.10/27/00), 772 So.2d 87. Respondent is further ordered to provide Mr. Little with an accounting and full restitution of any unearned fees, as well as return Mr. Little’s files. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

 Retired Judge Robert L. Lobrano, assigned as Justice Pro Tempore, participating in the decision.

. In his correspondence, respondent also alleged that he wanted to minimize the severity of the sanction imposed and requested that he be allowed to enter into a consent agreement concerning the sanctions. However, it does not appear any further negotiations regarding consent discipline took place.

. Standard 4.12 provides “[sjuspension is generally appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client.”
Standard 4.42 provides "[sjuspension is generally appropriate when: (a) a lawyer fails to perform services for a client and causes injury or potential injury to a client; or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.”
Standard 7.2 provides "[sjuspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed to the profession, and causes serious or potentially serious injury to a client, the public, or the legal system."