ATTORNEY DISCIPLINARY PROCEEDINGS
JjPER CURIAM.
This disciplinary matter arises from one count of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Raphael P. Poirrier, a disbarred attorney.
PRIOR DISCIPLINARY RECORD
Before addressing the instant charges, we find it helpful to review respondent’s *313 prior disciplinary history. Between 1996 and 1998, respondent accepted representation in six client matters. After being retained in these matters, respondent did no work on behalf of his clients and failed to return their files or refund unearned fees. The ODC filed formal charges against respondent. Finding the charges were proven by clear and convincing evidence, we disbarred respondent. In re: Poirrier, 01-1116, 01-1118 (La.6/29/01), 791 So.2d 94 (“Poirrier I ”).
UNDERLYING FACTS
In May 1996, respondent assumed the representation of Tanya King in a pending personal injury case. In July 1996, respondent wrote to the defendant insurance company and offered to settle Ms. King’s claim. Thereafter, respondent neglected his chent’s legal matter, and in July 1998, the case was dismissed on grounds of abandonment. Respondent failed to inform Ms. King of this fact.
Lin November 2000, Ms. King filed a complaint against respondent with the ODC. Respondent failed to cooperate with the ODC in its investigation of the complaint.
DISCIPLINARY PROCEEDINGS
On October 22, 2001, the ODC filed one count of formal charges against respondent, alleging his conduct violated the following provisions of the Louisiana Rules of Professional Conduct: Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(d) (engaging in conduct prejudicial to the administration of justice), and 8.4(g) (failure to cooperate with the ODC in its investigation). The formal charges were served upon respondent by certified mail received on January 17, 2002.[1]
Respondent failed to answer or otherwise reply to the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions.

Hearing Committee Recommendation

Noting the factual allegations of the formal charges were deemed admitted and proven by clear and convincing evidence pursuant to Rule XIX, § 11(E)(3), the hearing Lcommittee agreed that respondent violated the Rules of Professional Conduct as charged. After consideration of the ODC’s submission in response to the deemed admitted order,[2] the committee concluded that respondent undertook to represent Ms. King and actually attempted to settle her case before allowing it to be abandoned. The committee found respondent’s conduct was knowing and intentional and caused actual harm to his client, Ms. King, whose lawsuit was dismissed due to abandonment and who therefore was deprived of the right to pursue her personal injury claim. Respondent’s conduct further harmed the legal profession, the legal system, and the public at large. The committee recognized no mitigating factors, but determined the aggravating factors present include respondent’s prior disciplinary offenses, bad faith obstruction of the disciplinary proceeding, and refusal to *314 acknowledge the wrongful nature of the conduct. Under these circumstances, the committee recommended that respondent be permanently disbarred.
Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.

Disciplinary Board Recommendation

The disciplinary board agreed respondent acted knowingly when he violated duties owed to his client, to the legal system, and as a professional. The conduct caused actual harm to Ms. King, whose lawsuit was dismissed as abandoned. Respondent’s failure to cooperate in the disciplinary investigation impaired the efficient operation of the disciplinary process and caused harm to the legal profession as a whole. Considering the ABA’s Standards for Imposing Lawyer Sanctions, the board | ¿determined the baseline sanction for this conduct is a suspension from the practice of law.
Nevertheless, the board recognized that when a second attorney disciplinary proceeding involves misconduct which occurred during the same time period as the first proceeding, the overall discipline to be imposed should be determined as if both proceedings were being considered simultaneously. The board pointed out that the misconduct at issue in Poirrier I arose out of respondent’s representation of six clients between 1996 and 1998, the same time frame in which respondent represented Ms. King. Moreover, the same type of misconduct is involved in the instant case as was at issue in Poirrier I. Accordingly, the board determined that additional discipline is not warranted for respondent’s conduct in the King matter; rather, the board recommended that respondent be adjudged guilty of additional violations warranting suspension which would be considered in the event he applies for readmission from his disbarment in Poirrier I. The board further recommended that respondent be assessed with all costs and expenses of these proceedings, with legal interest to commence running thirty days from the date of finality of the court’s judgment until paid.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
The deemed admitted facts in this case support the conclusion that respondent neglected his client’s legal matter, resulting in the dismissal of her personal injury suit on grounds of abandonment. Therefore, the sole issue presented for our consideration is the appropriate sanction for respondent’s misconduct.
[BIn determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in fight of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Respondent’s neglect of Ms. King’s legal matter caused actual harm to her. Furthermore, respondent failed to cooperate with the ODC in its investigation, thereby impairing the efficient operation of the disciplinary process. No mitigating factors are supported by the record; however, some aggravating factors are present. Under these circumstances, we conclude a suspension from the practice of law is the proper sanction.
*315 Nevertheless, as the disciplinary-board properly recognized, the instant misconduct occurred in the same time frame as the misconduct forming the basis of respondent’s earlier disbarment. In Louisiana State Bar Ass’n v. Chatelain, 573 So.2d 470 (La.1991), we observed that when the underlying conduct occurs within the same period as the misconduct forming the basis for a previous disbarment, the discipline imposed should be determined as if both proceedings were before the court simultaneously. Applying this procedure in Chatelain, we declined to extend the minimum period for readmission. Instead, we adjudged the respondent guilty of additional violations warranting disbarment which were added to his record for consideration in the event he applied for readmission after becoming eligible to do so.
In determining an appropriate sanction in the instant case, we believe the approach of Chatelain is instructive. Accordingly, our determination of a sanction IfiWill be based upon the appropriate sanction we would have imposed if these charges had been before the court at the same time as the charges in Poirrier I.
Had the instant charges been filed simultaneously with those charges forming the basis of Poirrier I, they would have only reinforced our view that respondent lacks the moral fitness to practice law and must be disbarred, both as a sanction for his misconduct and to protect the public. Therefore, as in Chatelain, we will adjudge respondent guilty of additional violations which warrant discipline and which will be added to his record for consideration in the event he applies for readmission after becoming eligible to do so. We further emphasize that although respondent may have a procedural right to apply for readmission, we retain absolute discretion to grant or deny readmission, and will carefully scrutinize any application for readmission with a critical eye.
DECREE
For the reasons assigned, it is ordered that Raphael P. Poirrier be adjudged guilty of additional violations which warrant discipline and which will be added to his record for consideration in the event he applies for readmission after becoming eligible to do so. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. The return receipt card was signed by respondent personally.

. Respondent filed nothing for the hearing committee’s consideration.