PER CURIAM
This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel ("ODC") against respondent, Greta L. Wilson, a disbarred attorney.
PRIOR DISCIPLINARY HISTORY
Before we address the current charges, we find it helpful to review respondent's prior disciplinary history. Respondent was admitted to the practice of law in Louisiana in 1989. In 2017, the court disbarred respondent, who, without having the authority or consent to do so, filed suit and enrolled as counsel in another suit for the purpose of obtaining funds, and then converted those funds to her own use. In re: Wilson , 17-0622 (La. 6/5/17), 221 So.3d 40 (" Wilson I ").
Against this backdrop, we now turn to a consideration of the misconduct at issue in the instant proceeding.
FORMAL CHARGES
By way of background, Kim Richardson retained respondent to represent him in a contract dispute with the State of Louisiana Hazard Mitigation Grant Program ("HMGP") and a grant recipient homeowner. Essentially, respondent was to help Mr. Richardson collect funds due to him for construction work that he had completed on a recipient's home. On June 21, 2012, Mr. Richardson paid respondent a $5,000 deposit and signed an attorney-client contract calling for the deposit to be drawn upon at the rate of $150 per hour.
Thereafter, Mr. Richardson attempted to contact respondent, to no avail. Mr. Richardson was eventually able to reach respondent's assistant, who provided him with a copy of his file. The file included a copy of the attorney-client contract, a copy of a letter purportedly sent by respondent to the HMGP requesting a copy of records, two internal memorandums from respondent's assistant, and one purported billing statement for 2.58 hours of work. Respondent failed to perform any substantial work in the matter and failed to refund any of the $5,000 payment.
In April 2015, the ODC received a complaint filed by Mr. Richardson against respondent. A copy of the complaint was forwarded to respondent via certified mail and delivered to her primary address, but she failed to respond to the complaint.
DISCIPLINARY PROCEEDINGS
In August 2017, the ODC filed formal charges against respondent, alleging that her conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.16 (obligations upon termination of the representation), 3.2 (failure to make reasonable efforts to expedite *1204 litigation), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violation of the Rules of Professional Conduct), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).
Respondent failed to answer the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee's consideration.
Hearing Committee Report
After considering the ODC's submission on sanctions, the hearing committee acknowledged that the factual allegations in the formal charges were deemed admitted. The committee found that those deemed admitted facts, as supplemented and supported by the ODC's documentary submissions, demonstrate clear and convincing evidence of respondent's violation of the Rules of Professional Conduct as alleged in the formal charges.
The committee determined that respondent violated duties owed to her client and the legal profession. Her conduct was negligent, knowing, and intentional, and caused actual harm to the legal profession. After considering the ABA's Standards for Imposing Lawyer Sanctions , the committee determined that the applicable baseline sanction is suspension. The committee did not discuss aggravating factors and found that there are no mitigating factors present.
Turning to the issue of an appropriate sanction, the committee determined that respondent's substantive misconduct, which occurred during the same time period as the misconduct subject of Wilson I , is subject to the approach of Louisiana State Bar Ass'n v. Chatelain , 573 So.2d 470 (La. 1991).[1] For this substantive misconduct, the committee recommended that respondent be adjudged guilty of additional rule violations to be considered when and if she seeks readmission to the practice of law. The committee determined that for the failure to cooperate, which occurred outside the timeframe of the misconduct considered in Wilson I , the Chatelain approach does not apply. For this misconduct, the committee recommended that the minimum period of time in which respondent can apply for readmission be extended by two years.
Neither respondent nor the ODC filed an objection to the hearing committee's report.
Disciplinary Board Recommendation
After review, the disciplinary board determined that the factual allegations of the formal charges are deemed admitted and proven by clear and convincing evidence. The board also determined that the legal conclusions of the committee are supported by the factual allegations asserted in the formal charges and the evidence submitted in support of the factual allegations. Based on these findings, the board concluded that the committee correctly applied the Rules of Professional Conduct.
The board determined that respondent violated duties owed to her client and the legal profession. Her conduct was knowing, if not intentional, and resulted in actual harm. By her knowing failure to communicate, *1205 failure to diligently fulfill the services she agreed to perform, and failure to return unearned fees, respondent caused actual damage to her client. Her misconduct caused a delay in the pursuit of her client's claims and a loss of the $5,000 fee paid by the client. By her inaction, respondent caused potential harm to her client, who may have lost valid claims or defenses. Respondent caused damage to the legal profession by failing to respond to the complaint against her. Such conduct causes an unnecessary expenditure of the limited resources of the disciplinary agency and a delay in the resolution of complaints, which damages the reputation of the legal profession. After considering the ABA's Standards for Imposing Lawyer Sanctions , the board determined that the applicable baseline sanction is suspension.
The board found the following aggravating factors are present: a prior disciplinary record, a dishonest or selfish motive, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, and substantial experience in the practice of law (admitted 1989). The board did not find any mitigating factors present.
The board agreed that the Chatelain approach is applicable for the substantive misconduct in this case, which should be considered in the event respondent applies for readmission from her disbarment. The board also agreed that additional discipline is warranted for the failure to cooperate violation and likewise recommended that the minimum period of time in which respondent can apply for readmission be extended by two years. The board also recommended that respondent be ordered to pay restitution to Mr. Richardson in the amount of $5,000, and that she be assessed with the costs and expenses of this proceeding.
Neither respondent nor the ODC filed an objection to the disciplinary board's recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5 (B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks , 09-1212 (La. 10/2/09), 18 So.3d 57.
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donnan , 01-3058 (La. 1/10/03), 838 So.2d 715.
The evidence in the record of this deemed admitted matter supports a finding that respondent neglected a legal matter, failed to communicate with a client, and failed to refund an unearned fee. She also failed to cooperate with the ODC in its investigation. Based on these facts, respondent has violated the Rules of Professional Conduct as alleged in the formal charges.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent's actions. In determining a sanction, *1206 we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass'n v. Reis , 513 So.2d 1173 (La. 1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass'n v. Whittington , 459 So.2d 520 (La. 1984).
Respondent knowingly, if not intentionally, violated duties owed to her client and the legal profession, causing actual harm. The aggravating factors found by the disciplinary board are supported by the record. No mitigating factors are supported by the record. Based on the ABA's Standards for Imposing Lawyer Sanctions , the applicable baseline sanction in this matter is suspension.
In Louisiana State Bar Ass'n v. Chatelain , 573 So.2d 470 (La. 1991), we held that when a second attorney disciplinary proceeding involves conduct that occurred during the same time period as the first proceeding, the overall discipline to be imposed should be determined as if both proceedings were before the court simultaneously. Respondent's substantive misconduct commenced in June 2012 and continued through April 2015, the same general time period in which the misconduct in Wilson I occurred (May 2013 through January 2014). Based on the approach established in Chatelain , we agree that the substantive misconduct in this case should be considered along with the misconduct in Wilson I , if and when respondent applies for readmission from her disbarment. No additional discipline is necessary for this substantive misconduct.
The Chatelain approach, however, is inapplicable to respondent's failure to cooperate with the ODC in its investigation. This misconduct, which commenced in September 2015, is outside of the Wilson I time frame, and thus will be considered independently. For this additional misconduct, the case of In re: Barrios , 10-2582 (La. 2/4/11), 54 So.3d 649 (" Barrios II ") is instructive. In Barrios II , we considered a proceeding in which a disbarred attorney had engaged in misconduct during the same general time frame as his previously-sanctioned misconduct. See In re: Barrios , 08-1679 (La. 11/10/08), 993 So.2d 1200 (" Barrios I "). We applied a Chatelain analysis to the substantive misconduct, which would be considered in the event he sought readmission from his disbarment in Barrios I . For his failure to cooperate, however, which occurred after the misconduct in Barrios I , we imposed a two-year extension of the minimum period of time in which he could seek readmission.
Considering the facts of this case and our decisions in Chatelain and Barrios II , the board's recommended sanction is appropriate.
Accordingly, we will accept the board's recommendation. For her substantive misconduct, we will adjudge respondent guilty of additional violations warranting discipline, to be considered in the event she seeks readmission to the practice of law. For her failure to cooperate, we will extend the minimum time period in which respondent may seek readmission by two years. We will also require respondent to make full restitution with interest to Mr. Richardson.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Greta L. Wilson, Louisiana Bar Roll number 19834, be and she hereby is adjudged guilty of additional violations warranting discipline, which *1207 shall be considered in the event she seeks readmission after becoming eligible to do so. It is further ordered that for the misconduct which occurred outside of the time frame of In re: Wilson , 17-0622 (La. 6/5/17), 221 So.3d 40, the minimum period for seeking readmission from respondent's disbarment shall be extended for a period of two years. It is further ordered that respondent pay full restitution, with legal interest, to Kim Richardson. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.

In Chatelain , this court observed that when a second attorney disciplinary proceeding involves conduct that occurred during the same time period as the first proceeding, the overall discipline to be imposed should be determined as if both proceedings were before the court simultaneously.