# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE

NEWS RELEASE #056

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **18th day of December, 2025** are as follows:

**PER CURIAM::**

2025-B-00537          IN RE:  HENRY L. KLEIN

SUSPENSION IMPOSED. SEE PER CURIAM.

Hughes, J., dissents and would impose a lesser sanction.
Griffin, J., dissents as too harsh.

SUPREME COURT OF LOUISIANA

NO. 2025-B-0537

IN RE: HENRY L. KLEIN

ATTORNEY DISCIPLINARY PROCEEDING

PER CURIAM

This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel ("ODC") against respondent, Henry L. Klein, an attorney licensed to practice law in Louisiana, but currently suspended from practice.

**PRIOR DISCIPLINARY HISTORY**

Respondent has an extensive disciplinary history. Since being admitted to the practice of law in Louisiana in 1968, he has received three formal private reprimands (1975, 1988, and 1989) and two admonitions (1993 and 2018) for various disciplinary infractions. In 1987, he was suspended from the practice of law for ninety days. *Louisiana State Bar Ass'n v. Klein*, 511 So. 2d 1137 (La. 1987) ("*Klein I*"). In 1989, respondent was suspended for six months. *Louisiana State Bar Ass'n v. Klein*, 538 So. 2d 559 (La. 1989) ("*Klein II*").

In 2023, we considered formal charges alleging that while representing a client in pending litigation, respondent made unsubstantiated disparaging remarks about the trial judge and opposing counsel, engaged in harassing communications with the trial court's law clerk, continued to file duplicative pleadings into the record although ordered by the trial court to refrain from doing so without leave of court, and removed the case to federal court solely for the purpose of delay. Finding "beyond question" that the charges were proven by clear and convincing evidence, we suspended respondent for one year and one day. *In re: Klein*, 23-0066 (La.

5/18/23), 362 So. 3d 392 ("*Klein III*").[1] *Klein III* became final and effective on June 27, 2023, when we denied respondent's application for rehearing. Respondent remains suspended from the practice of law.[2]

Against this backdrop, we now turn to a consideration of the misconduct at issue in the instant proceeding.

# UNDERLYING FACTS

In March 2023, Lisa Billman and Jeffrey Pyle filed a disciplinary complaint against respondent. The ODC contends that respondent failed to file a response to the complaint.

Ms. Billman and Mr. Pyle are attorneys who represent the United States Department of Agriculture Food and Nutrition Service, which administers the Supplemental Nutrition Assistance Program (SNAP). Respondent represents retail food stores in cases seeking judicial review of administrative decisions made under SNAP, such as denials, disqualifications, or penalties.

Ms. Billman and Mr. Pyle raised two primary issues in their complaint. First, they alleged that respondent made false statements and omitted the disclosure of his full prior disciplinary history in motions he submitted seeking leave to appear *pro hac vice*. Ms. Billman and Mr. Pyle identified three such motions, which were filed in SNAP cases pending before federal district courts in Illinois, California, and Oklahoma. Second, they alleged that in a case pending before a federal district court

---

[1] Respondent's attempts to stay or to challenge the court's ruling in *Klein III* and the Louisiana attorney disciplinary system under Rule XIX have been denied by the United States Supreme Court. *See Klein v. Louisiana Office of Disciplinary Counsel*, No. 23A96, 8/8/23, 2023 WL 5728483 (application for a stay denied by Justice Alito); *Klein v. Louisiana Office of Disciplinary Counsel*, No. 23A96, 144 S. Ct 56 (10/2/23) (application for a stay addressed to Justice Kagan and referred to the Court denied); *Klein v. Louisiana Office of Disciplinary Counsel*, 23-261, 144 S. Ct. 422 (11/20/23) (petition for writ of certiorari denied).

[2] On October 17, 2025, respondent filed a pleading captioned "Motion to Consider Petition for Reinstatement as Basis for Dismissal of Charges Set for Oral Argument on October 21, 2025." We denied the petition for reinstatement as premature on November 19, 2025. *In re: Klein*, 25-1316 (La. 11/19/25), ___ So. 3d ___. We now deny the motion to dismiss the formal charges.

in Indiana, respondent made a misrepresentation in a motion to stay the court's scheduling order. The voluminous attachments to the complaint provided the following details:

*Asad A. Kahn v. United States*, No. 1:22-cv-04459 on the docket of the United States District Court for the Northern District of Illinois – The district court provides on its website a form motion which requires an attorney seeking leave to appear *pro hac vice* to disclose whether he has ever been "sanctioned, censured, suspended, disbarred, or otherwise disciplined by any court" or is "currently the subject of an investigation of the applicant's professional conduct." The form motion also inquires whether the applicant has been "denied admission to the bar of any court" or has ever been "held in contempt of court."

On January 30, 2023, respondent filed a Motion for Leave to Appear *Pro Hac Vice* in the *Kahn* case. Respondent did not use the district court's form motion but drafted his own motion for leave. In support of the motion, respondent offered a lengthy *curriculum vitae* and a brief statement discussing his suspension in *Klein II*. Respondent failed to disclose (1) the pending disciplinary proceeding in *Klein III*, (2) his previous admonitions and reprimands and his suspension in *Klein I*, (3) a finding of civil contempt in a bankruptcy matter captioned *In re: Regina Berglass Heisler*, 20-11509 (Bankr. E.D. La. 11/9/21), and (4) the sanctions imposed against him for violations of Fed. R. Civ. P. Rule 11 in *Heisler v. Kean Miller, LLP*, 2:21-cv-0724 (E.D. La. 12/15/21).

*ABOA, LLC v. Thomas*, No. 2:22-cv-01381 on the docket of the United States District Court for the Eastern District of California – On August 8, 2022, respondent filed a motion to appear *pro hac vice* in which he represented that he had "not been disbarred or formally censured by a court of record or by a state bar association; and there are not disciplinary proceedings against me." In support of the motion, respondent attached a certificate of good standing from the United States District

3

Court for the District of Columbia dated September 14, 2021. Later in the *ABOA* proceedings, the court took judicial notice of respondent's suspensions in *Klein I* and *Klein II* and revoked his *pro hac vice* status.

*AR Food Mart v. United States*, No. 4:19-cv-00344 on the docket of the United States District Court for the Northern District of Oklahoma – On August 29, 2019, respondent filed a request for admission *pro hac vice* in which he represented that he had not been "denied admission, disbarred, suspended from practice, reprimanded, denied 'in good standing' status, or otherwise disciplined by any court, bar association, grievance committee, or administrative body." After discovering that respondent "has been disciplined twice by the Supreme Court of Louisiana" in *Klein I* and *Klein II*, the court denied the application. Respondent sought reconsideration of the denial, stating that he "was led to believe that after 30 years, disclosure was not required. Bad advice and I was wrong." Respondent acknowledged only the disciplinary actions that the court had discovered on its own; he did not reveal any of his other disciplinary history.

*Enas N.A. Said v. United States*, No. 1:21-cv-01385 on the docket of the United States District Court for the Southern District of Indiana – On April 11, 2022, respondent filed a motion to stay the court's scheduling order in *Said*. In the motion, respondent represented that "[a] request has been made with the Judicial Panel on Multidistrict Litigation to transfer all cases to the District of Columbia." The court found this representation was untrue, noting that no request was made to the Judicial Panel on Multidistrict Litigation until May 12, 2022, a full month after respondent represented that he made the request. Finding this amounts to "inherently sanctionable conduct," the court admonished respondent that "this behavior is unacceptable."

## DISCIPLINARY PROCEEDINGS

In January 2024, the ODC filed formal charges against respondent. The ODC alleged that respondent's conduct violated Rules 3.3(a)(1) (a lawyer shall not knowingly make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer), 8.1(a) (knowingly making a false statement of material fact in connection with a bar admission application or a disciplinary matter), 8.1(b) (failure to disclose a fact necessary to correct a misapprehension known to have arisen in a bar admission or disciplinary matter; knowing failure to respond to a lawful demand for information from a disciplinary authority), 8.1(c) (failure to cooperate with the ODC its investigation), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (engaging in conduct prejudicial to the administration of justice) of the Rules of Professional Conduct.

Respondent filed an answer to the formal charges. In his answer, respondent attacked the disciplinary system and the deputy disciplinary counsel assigned to handle this matter. He did not provide any direct response to the specific allegations set forth in the charges.

*Formal Hearing*

The hearing committee conducted a formal hearing on July 29, 2024. Respondent appeared and represented himself, but he did not testify or present any evidence. The ODC introduced documentary evidence and called Lisa Billman as a witness. Jeffrey Pyle was also subpoenaed to testify; however, the parties stipulated that his testimony would be materially similar, if not identical, to that of Ms. Billman.

*Hearing Committee Report*

5

The hearing committee found that respondent violated Rules 8.4(a), 8.4(c), and 8.4(d) of the Rules of Professional Conduct in connection with his motions seeking *pro hac vice* admission filed in the *Kahn* and *ABOA* cases, but not Rules 3.3(a)(1), 8.1(a), 8.1(b), or 8.1(c). The committee also found the ODC did not prove by clear and convincing evidence that respondent engaged in any misconduct in the *AR Food Mart* and *Said* cases.

The committee determined respondent violated duties owed to his clients, the public, the legal system, and the legal profession. He acted negligently in filing the *pro hac vice* motions. His misconduct caused actual harm to his clients, the courts, and the disciplinary system. Based on the ABA's *Standards for Imposing Lawyer Sanctions*, the committee determined the baseline sanction is suspension.

The committee found the aggravating factors of prior discipline and lack of remorse. In mitigation, the committee recognized respondent's "age and personal struggles."

After further considering the court's prior jurisprudence addressing similar misconduct, the committee recommended respondent be suspended for one year and one day, retroactive to June 29, 2024.

Respondent filed an objection to the hearing committee's report.

*Disciplinary Board Recommendation*

The disciplinary board accepted most of the hearing committee's factual findings, with the significant exception of its finding that respondent's mental state was negligent. The board also made a finding that respondent failed to disclose his full disciplinary history in connection with his motion to appear *pro hac vice* in the *AR Food Mart* case. Based on these findings, the board determined that respondent violated Rules 3.3(a)(1), 8.1(a), 8.1(b), 8.4(a), 8.4(c), and 8.4(d) of the Rules of Professional Conduct. The board did not find a violation of Rule 8.1(c), reasoning

that the ODC presented no evidence in support of the allegation that respondent failed to respond to the disciplinary complaint.

The board determined respondent violated duties owed to his clients, the public, the legal system, and the legal profession. His conduct was knowing and intentional, causing actual harm by wasting the time and resources of the courts. His conduct deprived the courts of the ability to make fully informed decisions about whether he possessed the character and qualifications to practice law. His conduct also delayed matters and may have contributed to the dismissal of, or detrimentally affected, his clients' claims. Based on the ABA's *Standards for Imposing Lawyer Sanctions*, the board determined the baseline sanction ranges from suspension to disbarment.

The board determined the following aggravating factors are present: a prior disciplinary record, a dishonest or selfish motive, a pattern of misconduct, refusal to acknowledge the wrongful nature of the conduct, and substantial experience in the practice of law. The board found the sole mitigating factor is remoteness of prior offenses, with the exception of the 2018 admonition.[3]

Turning to the issue of an appropriate sanction, the board indicated that respondent's misconduct in the instant case occurred in the same time frame as the misconduct in *Klein III*; therefore, it is appropriate to apply the analysis of *Louisiana State Bar Ass'n v. Chatelain,* 573 So. 2d 470 (La. 1991). As such, the board considered the combined misconduct in *Klein III*, the *AR Food Mart* case, *ABOA*, and *Kahn.*

The board cited *In re: Stamps,* 03-2985 (La. 4/14/04), 874 So. 2d 113, wherein husband and wife attorneys were disbarred after knowingly concealing information relating to their employment in connection with their bar applications, preventing

---

[3] The board disagreed with the committee's finding that respondent's age and personal struggles were mitigating factors. Respondent presented no evidence to prove that any personal struggle contributed to his misconduct, and age is not a mitigating factor for unethical behavior.

the court from discovering information about their unauthorized practice of law in another state.[4] The board noted that while respondent's conduct is not as egregious as the misconduct in *Stamps*, respondent is a very experienced lawyer whose conduct further exhibits what the *Klein III* court described as a "disturbing lack of respect for the judicial system and his obligations as a professional" as well as his "continued lack of remorse for his actions."

Based on this reasoning, the board recommended respondent's suspension in *Klein III* be extended such that his total suspension is for three years, beginning June 27, 2023, the effective date of the suspension. The board also recommended respondent be assessed with the costs and expenses of this proceeding.

Respondent filed an objection to the board's recommendation. Accordingly, the case was docketed for oral argument pursuant to Supreme Court Rule XIX, § 11(G)(1)(b).[5]

## DISCUSSION

Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. *In re: Banks*, 09-1212 (La. 10/2/09), 18 So. 3d 57. While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee's factual findings. *See In re:*

---

[4] The board also cited *In re: Harvey*, 19-1829 (La. 2/18/20), 289 So. 3d 1000, wherein an attorney failed to communicate with a client, failed to disclose his DWI arrest to the Committee on Bar Admissions, and failed to cooperate with the ODC. The DWI arrest occurred three weeks before the bar exam and after respondent had completed the required paperwork to take the exam. For this misconduct, respondent was suspended for one year and one day.

[5] Following oral argument, respondent filed a motion seeking leave to file a post-argument brief. We now grant the motion. Subsequently, respondent filed a "Motion to Enforce *NAACP v. Button*," urging the court "to take the extraordinary step of enjoining Louisiana ODC from further prosecutions depriving Respondent from his livelihood." This motion is denied.

*Caulfield*, 96-1401 (La. 11/25/96), 683 So. 2d 714; *In re: Pardue*, 93-2865 (La. 3/11/94), 633 So. 2d 150.

The record of this matter reveals that respondent failed to make a full and accurate disclosure of his disciplinary history in motions he submitted seeking leave to appear *pro hac vice* in the *Kahn*, *ABOA*, and *AR Food Mart* cases. Respondent also made a misrepresentation to the federal court in the motion to stay the scheduling order in *Said*. This misconduct violated the Rules of Professional Conduct as found by the disciplinary board.

Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent's actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. *Louisiana State Bar Ass'n v. Reis*, 513 So. 2d 1173 (La. 1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. *Louisiana State Bar Ass'n v. Whittington*, 459 So. 2d 520 (La. 1984).

Respondent maintains that he should not be disciplined for his actions in the *Kahn*, *ABOA*, *AR Food Mart*, and *Said* cases because he was acting as a zealous advocate for his clients and was seeking to address what he perceived as a significant injustice. He also makes unsupported assertions of a conspiracy against him. These are the same defenses respondent raised in *Klein III* – and which were rejected by this court. Once again, respondent has crossed the boundary between zealous advocacy and professional misconduct. We agree with the board that respondent acted knowingly and intentionally, and caused actual harm to his clients, the public, the legal system, and the legal profession.

The applicable baseline sanction is suspension. The aggravating and mitigating factors found by the board are supported by the record.

Considering the entire record of this matter, we find the appropriate sanction for respondent's misconduct is an eighteen-month suspension from the practice of law. This suspension shall commence upon the completion of the suspension imposed in *Klein III*, which respondent served from June 27, 2023 to June 28, 2024, such that the eighteen-month suspension shall begin on June 29, 2024 and end on December 29, 2025. Should petitioner choose to seek reinstatement to the practice of law in Louisiana upon becoming eligible to do so, he shall comply with all requirements of Supreme Court Rule XIX, § 24.

## DECREE

Upon review of the findings and recommendations of the hearing committee and the disciplinary board, and considering the record, briefs, and oral argument, it is ordered that Henry L. Klein, Louisiana Bar Roll number 7440, be and he hereby is suspended from the practice of law for eighteen months. This suspension shall commence upon the completion of the suspension imposed in *In re: Klein*, 23-0066 (La. 5/18/23), 362 So. 3d 392, which respondent served from June 27, 2023 to June 28, 2024, such that the eighteen-month suspension shall begin on June 29, 2024 and end on December 29, 2025. All costs and expenses in the matter of this disciplinary proceeding are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.